NEWS CORPORATION, a Delaware corporation, K. Rupert Murdoch AC, Peter L. Barnes, Chase Carey, Peter Chernin, Kenneth E. Cowley AO, David F. Devoe, Viet Dinh, Roderick Eddington, Andrew S.B. Knight, Lachlan K. Murdoch, Thomas J. Perkins, Stanley S. Shuman, Arthur M. Siskind, and John L. Thornton, Defendants Below, Appellants,

v.

UNISUPER LTD., Public Sector Superannuation Scheme Board, Commonwealth Superannuation Scheme Board, United Super Pty Ltd., Motor Trades Association of Australia Superannuation Fund Pty Ltd., H.E.S.T. Australia Ltd., Care Super Pty Ltd., Universities Superannuation Scheme Ltd., Britel Fund Nominees Limited, Hermes Assured Limited, Stichting Pensionenfonds ABP, Connecticut Retirement Plans and Trust Funds, and The Clinton Township Police and Fire Retirement System, Plaintiffs Below, Appellees.

No. 635, 2005.

Supreme Court of Delaware.

Submitted: Jan. 23, 2006.

Decided: Jan. 27, 2006.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice.

This 27th day of January 2006, it appears to the Court that:

1) The defendants-appellants, News Corporation, K. Rupert Murdoch AC, Peter L. Barnes, Chase Carey, Peter Chernin, Kenneth E. Cowley AO, David F. Devoe, Viet Dinh, Roderick Eddington, Andrew S.B. Knight, Lachlan K. Murdoch, Thomas J. Perkins, Stanley S. Shuman, Arthur M. Siskind and John L. Thornton, have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from an interlocutory order of the Court of Chancery dated December 20, 2005. The Court of Chancery's order denied the defendants' motion to dismiss Counts I and II of the Complaint.

2) The appellants contend that certification of this interlocutory appeal is appropriate because the Court of Chancery's order determines a substantial issue and establishes a legal right. The appellants also contend that review of the interlocutory order will serve considerations of justice and judicial economy and may terminate the litigation. *See* Supr. Ct. R. 42.

3) On January 19, 2006, the Court of Chancery granted appellants' request to certify its application to take an interlocutory appeal.

4) Applications for interlocutory review are addressed to the sound discretion of this Court. Generally, this Court gives substantial deference to the trial judge's recommendation. In the exercise of its discretion, however, this Court has concluded that the interests of justice are best served if these proceedings are not interrupted by an interlocutory appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal be, and the same hereby is, REFUSED.